### SHEFTS SUPPLY CO., Inc., v. PURKA-PILE.

No. 22375. Oct. 2, 1934.

Cheek & McRill, for plaintiff in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error.

BAYLESS, J. The defendant in error, John A. Purkapile, plaintiff below, recovered judgment against the plaintiff in error, Shefts Supply Company, Incorporated, defendant below, by the consideration of a jury, and this appeal resulted.

The action was brought to recover damages alleged to have been sustained by the plaintiff as the result of negligence of the defendant. The defense was a general denial and contributory negligence.

Two questions are presented: (1) Was there sufficient evidence of primary negligence or responsible cause on the part of the defendant to go to the jury? and (2) Was the defendant guilty of contributory negligence by reason of being responsible for the alleged negligence of the driver of the car in which he was riding upon the assumption that the driver of the car was the servant, agent, or employee of plaintiff?

We will consider first, question No. 1. The allegations of the petition, and the evidence of the plaintiff, show that defendant's agents were driving a truck to which a trailer was attached along a highway, about dark on a rainy day; that the truck and trailer were loaded with pipe which was of uneven lengths, and some of the pipe projected behind the trailer; that there were lights on the truck (but whether on the rear of the trailer is disputed), but for some unknown cause the lights ceased burning and the vehicle was stopped upon the highway to the right of the center of the road (the distance to the right of the center of the road being in dispute). It is conceded that no lights were burning on the vehicle after it stopped. The two agents of the defendant, in charge of the vehicle, thereupon alighted and began searching underneath the hood of the truck for the cause of the loss of lights. No lookout or warning was made or posted to the front or rear of the vehicle. The road at this point was wide enough for three lanes of traffic or three cars to stand abreast. When the defendant's vehicle had been standing thus for a period of about three minutes, the plaintiff's brother's car approached from the rear, with lights burning and giving vision for a distance of about 50 feet, and collided with the rear of the trailer. The plaintiff, who was riding in his brother's car, was struck by the pipe and injured. This summary of facts is sufficient to give a general idea of the evidence upon which the case was submitted to the jury upon the question of the defendant's primary negligence, if any.

The defendant asserts that there is nothing in this evidence to show that it was in any wise responsible for the collision. The plaintiff asserts that the facts are sufficient to show that the defendant did not do what an ordinarily careful and prudent person would have done under the circumstances, and that it was proper to submit the evidence to the jury for its determination upon this point.

The plaintiff cites and relies upon the case of Ross v. Gearin, 145 Okla. 66, 291 P. 534. The facts in that case are very similar to the facts under consideration. The law announced therein is the general rule of law applicable to this situation. In the opinion in that case it is said:

"The determination of the question of negligence, that is, what is or what is not negligence, in nearly every case is a question for the jury. It is a question of law for the court only in cases where the admitted facts are so conclusive as to admit of no difference of opinion among reasonable men."

We have considered the evidence upon this point and are unable to say that the conduct of the defendant's agents in charge of the vehicle was such that the minds of reasonable men could not differ with regard thereto, or that they pursued the only course which was open to a careful and reasonably prudent person. The situation called into play the reasonable judgment of the agents of the defendants as to where to stop the vehicle, the rate of traffic passing the particular point, whether it was better for both men to search for the source of trouble than for one of them to serve as a lookout or to warn traffic, the length of time elapsing between the loss of lights and the collision, and, finally, the condition of the weather. Therefore, the question of negligence or responsibility on the part of the defendant, considering the mass of the evidence and the conflict in certain parts thereof, was not one entirely free from doubt. In our opinion the trial court could not say that the course of conduct pursued by the agents of the defendants was one which a careful and reasonably prudent person would pursue without question. The question was therefore properly submitted to the jury, and we find no fault with the court's instructions to the jury upon this point.

Question No. 2. The defendant contends that the driver of the car, the plaintiff's brother, was guilty of negligence; that the relationship existing between them by reason of the use and operation of the brother's car upon this particular occasion made the driver of the car the servant or agent of the plaintiff; and the asserted negligence of the driver of the car became the negligence of the plaintiff, rendering the plaintiff guilty of contributory negligence. In keeping with this contention the defendant requested the court so to instruct the jury. This request was refused. The plaintiff asserts he had

no management or control of the car, but, to the contrary, was merely a guest. The court instructed the jury that if it found that the plaintiff had no management or control of the car or its driver, he was not responsible for the negligence of the driver of the car. The evidence upon this point was given by the plaintiff and his brother, and is not in conflict. They testified that plaintiff was being driven from place to place by his brother upon the plaintiff's own mission and at the plaintiff's request. It is conceded that the brother had no motive or purpose to serve other than the accommodation of the plaintiff. It was not shown that the plaintiff asserted any control over the car or even attempted to do so. It is not shown that it was agreed or recognized that he possessed such authority. He desired to be taken to a certain place, but it was not shown that there was more than one route, and the choice of routes left to the plaintiff. From the record it is clear plaintiff expected only one result from this trip, the attainment of his destination. None of the details or responsibilities of a joint adventurer, master, or principal rested upon him. It is not shown any renumeration passed or was expected. The trial court concluded that it was proper to submit this question to the jury and did so. In our opinion, the trial court would not have committed error had it determined the question itself and instructed the jury that such relationship did not exist. See Anthony v. Keifner, 96 Kan. 194, 150 P. 524; U. P. Railway Co. v. Lapsley, 51 Fed. 174; and Molden v. M., St. P. & S. S. Railway Co., 167 Minn. 132, 208 N. W. 541.

The fact that the court did not do this, but submitted the question to the jury, was more favorable to the defendant than the evidence warranted. The jury rendered a general verdict against the defendant, which must be interpreted to include an adverse determination upon this issue.

The judgment is affirmed.

RILEY, C. J., and OSBORN, BUSBY, and WELCH, JJ., concur.