## SIMMS v. PRATHER.

No. 26408.   March 3, 1936.

O. D. Been, for plaintiff in error.

Sid White, for defendant in error.

PER CURIAM. This action was instituted in the court of common pleas of Oklahoma county by the plaintiff, D. C. Prather, against the defendant, J. D. Jake Simms, doing business as the J. D. Jake Simms Commission Company, to recover damages in the sum of $435 growing out of the sale of certain cattle belonging to the plaintiff and alleged to have been purchased from said plaintiff by the defendant through his agents and employees.

Parties herein will be referred to as they appeared in the trial court; plaintiff in error as defendant and defendant in error as plaintiff.

Plaintiff, in his amended petition, alleges that on March 31, 1934, he was the owner of 28 head of two year old steers and 28 head of three year old steers, and that the defendant was and had been engaged in the business of buying and selling cattle, and that said defendant, by oral contract, employed Norman Stewart and J. D. Nance as his agents to purchase certain cattle for him from the plaintiff and to draw drafts on him in payment of the purchase price of such cattle, and that as such agents of the defendant, the said Stewart and Nance purchased from said plaintiff the cattle described above, and that in keeping with the instructions and authority from said defendant to the said Stewart and Nance as the agents of said defendant, such agents drew drafts upon the defendant in the sums of $1,800 and $160, respectively, in payment for said cattle, and delivered said drafts to said plaintiff (copies of said drafts being attached to plaintiff's

petition) ; that said plaintiff delivered said cattle to Stewart and Nance as the agents of said defendant, and upon the delivery of said cattle to said agents, said cattle were shipped by said agents to Oklahoma City, under instructions from said defendant, to a certain feed lot designated by said defendant; and that after the shipping and delivery of said cattle to the designated feed lot in Oklahoma City, said defendant refused to pay the drafts so drawn upon him, thereby breaching his contract of purchase; and that by reason of the dishonoring of said drafts by said defendant, said plaintiff was compelled to sell said cattle upon the open market, and that certain damages accrued to him incident to the selling of said cattle, and that said damages aggregated the sum of $435, and being in detail the difference in the price plaintiff received in the open market and the price as represented by the dishonored drafts in the sum of $280, expenses of plaintiff incurred incident to the matter, $35, feed bill in the sum of $29.63, and freight on said cattle in the sum of $88 ; and plaintiff prays judgment against said defendant in the sum of $435 by reason of the breach of the contract of purchase.

The defendant denies each and every allegation as contained · in plaintiff's petition save and except the allegation that said defendant sometimes does business under the name and style of J. D. Jake Simms Commission Company, thus joining the issues of fact for a jury.

This cause was submitted to a jury, and a verdict for plaintiff in the sum of $435 was rendered by the jury, and a judgment of the court was pronounced upon said verdict.

In the opinion of this court, there are but two questions germane to this cause, namely:

(1)  Was the verdict and judgment sustained by competent testimony?

(2)  Was there sufficient competent testimony to establish agency?

From an examination of the record, this court is constrained to the belief that both questions should be answered in the affirmative.

There was concerted action on the part of the defendant and his agents to realize a profit on the "sleek" cattle as owned by plaintiff, and when the agents of the defendant purchased the cattle "too high," then it was that the defendant sought to evade his responsibility to the plaintiff.

The jury evidently was convinced that a conspiracy existed between the defendant and his agents in this transaction, and while some of the testimony as to some of the items of damage is somewhat meager, it suffices to warrant the jury in its verdict in the absence of any controverting testimony.

That the plaintiff sustained damages in the amounts sued for has not been controverted by any testimony whatever on the part of the defendant and the liability has been fixed in the defendant by the jury.

Measure of damages is whatever amount will reasonably compensate plaintiff for his loss sustained on account of the alleged breach of contract. This same principle of law is found in 8 R. C. L. at page 431.

Plaintiff in error claims that the trial court committed error in allowing counsel to so conduct himself at and during the trial of said cause as to amount to misconduct on the part of counsel for the plaintiff, and to which action of the court in permitting such conduct of counsel for plaintiff the defendant objected and complained of at the time, and that such conduct herein complained of and as complained of in the motion for new trial tended to and did prejudice the rights of this plaintiff in error, to all of which as aforesaid the defendant duly objected and complained and now excepts.

We do not find that this question is properly before this court for review. No proper record was made of such alleged misconduct on the part of counsel for plaintiff in the lower court. Therefore, this question is not properly before this court for review.

Finding no error in the lower court, the verdict and judgment of the lower court is in all things sustained and affirmed, and judgment is rendered against the defendant, and J. D. Jake Simms, principal, and his surety on his supersedeas bond, Oad Colvert, in the sum of $435, together with costs, for which let execution issue.

The Supreme Court acknowledges the aid of Attorneys S. F. Parks and F. A. Darst in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Parks and approved by Mr. Darst, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.