PEPPERS GASOLINE CO. v. WEBER.

98 P. 2d 1087.

No. 29319.   Jan. 16, 1940.

Rehearing Denied Feb. 13, 1940.

Jas. C. Cheek, of Oklahoma City, for plaintiff in error.

Rinehart & Welden, of El Reno, for defendant in error.

DAVISON, J. This is an action for damages for personal injuries alleged to have been sustained by Louis Weber, Jr., on June 22, 1938, as a result of a collision between two trucks. Both trucks were traveling in an easterly direction along Highway 66 at a point on the highway east of the town of Yukon in Canadian county.

The truck in which the plaintiff was riding was being driven by one Tom Taylor. It was, immediately preceding the accident, traveling in front of the other truck, which belonged to the Peppers Gasoline Company and was being driven by A. L. Carter, as its employee.

The company truck started to pass the truck in which the plaintiff was riding at a point where the highway was intersected by a county road. At the same time the last-mentioned truck started to make a left-hand turn into the intersecting road. The collision resulted, in which Louis Weber, Jr., sustained severe injuries to his right shoulder.

This action was instituted in the district court of Canadian county by Louis Weber, Jr., as plaintiff, against the Peppers Gasoline Company, a corporation, as defendant, on October 12, 1938. Recovery of damages for personal injury in the sum of $5,000 was sought on the theory that the driver of defendant's truck in attempting to pass the other vehicle at the point of the collision had negligently failed to observe an arm signal, indicating an intention to turn, previously given by the driver of the truck in which plaintiff was riding, and that the driver of defendant's truck was also negligently operating the same in such a manner that it could not be brought to a complete stop in the assured clear distance ahead.

The defendant denied liability on the theory that the collision was due to the negligence of the driver of the truck in which the plaintiff was riding, and on the further theory that no injury had in fact been sustained by the plaintiff.

The cause was tried to a jury on December 9, 1938, resulting in a verdict and judgment for the plaintiff in the sum of $2,500, from which the defendant appeals. The parties thus appear in this court in the reverse order of their appearance before the court below. For the sake of convenience we shall continue to refer to them by their trial court designation.

The defendant presents its case on appeal under four propositions, the first of which is:

"The attorney for the plaintiff was guilty of misconduct in the following respects: (a) That on voir dire examination of the jurors, after counsel for defendant had called attention to the ruling of this court in the case of Safeway Cab v. Minor, 70 P. 76, 180 Okla. 448, plaintiff's counsel inquired of each juror whether or not such juror was a stockholder in any corporation; that three jurors answered in the affirmative, whereupon counsel for plaintiff inquired of two jurors separately as to the character of corporation in which such jurors were stockholders, and in answer to which the two jurors stated that they were stockholders in certain corporations, which corporations were not insurance companies; however, thereafter counsel inquired of the juror Schwader or Schroder if he was a stockholder in any corporation, to which the juror answered in the affirmative, whereupon Mr. Rinehart asked of the juror the following question: 'Is that an insurance corporation of any kind?'

"(b) That during the course of the trial counsel insistently asked, after an adverse court ruling in the presence of the jury, whether or not the defendant was a common carrier operating under a permit from the Corporation Commission.

"(c) That in his concluding argu-

ment to the jury the counsel for plaintiff said, 'You are not going to hurt the defendant any by a judgment for $5,000. I want you to bear this in mind. He is not even interested enough to be here.' To which argument the defendant excepted and exceptions were noted."

The foregoing proposition presents three matters for consideration, all involving the conduct of counsel. These matters will be separately treated in the order stated.

The first paragraph of the first proposition alludes to an alleged improper question on voir dire examination of prospective jurors.

It is contended that the use of the term "insurance company" in questioning prospective jurors was improper under our holding in Safeway Cab Co. v. Minor, supra.

In answer to this contention counsel for plaintiff say in their brief that:

"In the present case the word 'insurance' or 'insurance company' was never uttered and is not contained in the record from one end to the other."

An examination of the record as certified to this court discloses that no record of the allegedly improper question was made at the time it was asked. Counsel for the plaintiff incorporated in their motion for a new trial a recitation that the question was promulgated on voir dire examination of a prospective juror. Otherwise, the record fails to indicate that such a question was asked, and even counsel's version of the matter as recited in the motion for a new trial does not indicate that the question was objected to at the time it was made.

It is the general theory of the law relating to presentation of error, alleged to have occurred during a trial, for the purpose of review on appeal that the objectionable conduct or ruling must be challenged at the time of its occurrence. This in order that corrective measures may be adopted. It is also thought by many authorities that an erroneous ruling of the court, or improper conduct of opposing counsel, cannot be impregnated with the prejudicial effect necessary to constitute reversible error if its adverse import is not sufficiently apparent to challenge the attention of counsel at the time of the occurrence.

While this general rule is not without its qualifications and exceptions, it is not made to appear that the subject matter of this discussion falls within any recognized exception. Our attention is not directed to any case from this jurisdiction on the precise point. However, we considered a somewhat analogous situation in the case of Westgate Oil Co. et al. v. McAbee, Adm'x, 181 Okla. 487, 74 P. 2d 1151. We therein said in paragraph three of the syllabus:

"Prejudicial remarks of counsel in his argument to the jury are not available as a ground for reversal unless objected to and exception taken at the time such remarks were made, and the remarks, as well as the objection and exception thereto, must be shown in the record of the proceedings of the trial. The objection is too late if made for the first time in the motion for new trial and by affidavit of opposing counsel."

More precisely in point is the decision of the Supreme Court of Washington in Webber et ux. v. Park Auto Transportation Co. (Wash.) 224 P. 718, 47 A. L. R. 590, where that court in disposing of a similar situation said:

"The record, as it is presented here, does not disclose that objection was made in the court below to the examinations. They were not of such gross impropriety as to require the trial court to interfere on its own initiative, and, without invoking its ruling, the appellants cannot complain in this court."

In Safeway Cab Service Co. v. Minor, supra, we approved the line of inquiry said to have been adopted by counsel for plaintiff. We therein said:

"* * * If a juror is asked if he owns stock in any corporation or is employed by one, and answers in the negative, further questions are unnecessary. If the juror answers in the affirmative, inquiry as to the type of corporation is proper."

The question attributed to counsel constitutes a variation in the method of approach and was therefore objectionable, but not sufficiently so to demand action by the trial court of its own initiative in view of the failure of trained counsel to perceive its objectionable characteristics at the time it was made. Upon the record before us, reversible error is not presented in connection with the point under discussion.

In defendant's second subdivision of its first proposition it is alleged that counsel "instantly asked, after an adverse court ruling in the presence of the jury, whether or not the defendant was a common carrier operating under a permit from the Corporation Commission."

It is to be noted that the complaint does not go to the asking of the question in the first instance, but the repetition thereof after the adverse ruling.

The record discloses that the question was asked and objection thereto sustained, and that the only subsequent allusion to the prior inquiry occurred in a colloquy between court and counsel, the opening statement of which was made by counsel for the defendant. We quote:

"Mr. Cheek: In view of your refusal to admit my admission, so I withdrew it. Mr. Rinehart: Well, I want to put him back on this. Well, the only thing I asked him about that was a question with reference to the permit, but I don't think he has admitted that; if he has, that's all I want. Are you willing to admit he was operating this truck under a Corporation Commission permit? Mr. Cheek: No, it is not in the issues. Mr. Rinehart: Well, are you willing to admit that it was the truck? The Court: Oh, that the defendant is the owner of the truck. Mr. Cheek: Yes, we offered to admit that and you wouldn't accept it. Mr. Rinehart: Well, I will accept it now, if you offer it. Mr. Rinehart: Then, answer yes, sir, in there. That's all; we rest."

And we observe that the matter alleged to have been objectionable was not challenged at or immediately after the time of its utterance.

In Simms v. Prather, 176 Okla. 199, 55 P. 2d 463, we said in paragraph 4 of the syllabus:

"Alleged misconduct of counsel will not be reviewed by Supreme Court unless record is made of such alleged misconduct in lower court and objections made and exceptions saved thereto."

Consider also Westgate Oil Co. v. McAbee, supra.

In review of the record and upon consideration of the foregoing authorities, the alleged error is not properly presented for review.

Similar disposition must be made of the defendant's complaint under the third subdivision of its first proposition.

The alleged improper argument of counsel was not challenged at the time. It was only after the jury had returned for deliberation that counsel for the defendant called in the reporter and asserted that counsel for plaintiff had made remarks in his closing argument which he deemed improper under our holding in Westgate Oil Co. v. McAbee, supra, and Simms v. Prather, supra. The complaint was not timely. See, also, upon this point Coalgate Co. et al. v. Bross, 25 Okla. 244, 107 P. 425; Frey v. Failes, 37 Okla. 297, 132 P. 342.

Defendant by its second proposition challenges the sufficiency of the evidence in several particulars. It says:

"The verdict and damages assessed are excessive and not sustained by evidence showing (a) that the condition testified to by the expert physician was a result of any injury sustained in the accident; (b) that the plaintiff suffered any pain (except by his own testimony); (c) that the plaintiff suffered any damage on account of decreased earning capacity as a result of the injury; (d) that plaintiff suffered any special damages such as for medical treatment."

The plaintiff was examined by a physician, one Dr. P. B. Myers, who upon consideration of his inspection and of

the history given him by the plaintiff, testified in substance that the plaintiff had sustained an injury to his right shoulder which he diagnosed as ruptured ligaments and possible fractured cartilage. Concerning the probable duration of the disability, he at one point in his testimony said it was "likely to be permanent" and at another point that "he (referring to plaintiff) never will be able to use that shoulder and it depends on how much of that will recover," thus describing a permanent disability with a possibility of future improvement or diminution thereof. It was established by the physician's testimony that plaintiff's injury would greatly impair his use of his right arm.

While the proposition as stated would seem to indicate an intention on the part of the defendant to urge an absence of evidence establishing causal connection between the collision and injury sustained, the argument is not pressed in the brief. Indeed the evidence is explicit that the condition of plaintiff's shoulder was due to injuries received in the collision.

Defendant's proposition under subdivision (b) would seem to forecast an argument that plaintiff was incompetent to testify to pain suffered by himself or that his testimony, if competent, was deficient in probative force on that element. No argument to that effect is made in the brief and no authorities cited.

Under subdivision (c) it is pointed out that the plaintiff, a man 23 years old, who expected to make his livelihood by manual and mechanical labor, did not have steady employment, and that he did some work after he received the injury. Defendant apparently urges that a failure to mathematically compute and compare his actual earnings before and after the injury constitutes a fatal defect in the proof; however, no authorities to that effect are cited, and we are unable to say that proof of a loss or partial loss of use of the right arm by one depending on manual labor for a livelihood will not support a judgment for damages in a substantial amount, nor can we say that there is a want of proof of loss of earning capacity merely because the individual had not been steadily employed.

Concerning the last subdivision of the proposition, asserting a want of proof of special damages, such as medical bills, the argument of defendant consists of one sentence which reads:

"The plaintiff incurred no bills for treatment and received no treatment and asked for no damage on account."

Since defendant does not contend that error attaches to the omission or that recovery was allowed for the element upon which proof was not offered, we shall not discuss the point further. It is next contended by the defendant that:

"The instruction on the measure of damages is erroneous in that the jury was allowed to consider an award for damages for permanent injuries, for future pain and suffering, and for loss of earnings whereas there was no testimony to sustain such an instruction."

Under this proposition, complaint is first made that the trial court erred in authorizing the jury to find that the injury suffered by the plaintiff was permanent in character and to fix the amount of damages accordingly. Reliance is placed on the case of Pine v. Rogers, 182 Okla. 276, 77 P. 2d 542; and incidental reference is made to Jones v. Sechtem, 131 Okla. 155, 268 P. 201; Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 P. 230; and Forrest E. Gilmore Co. v. Hurry, 165 Okla. 20, 24 P. 2d 653, holding in substance that recovery cannot be had for permanent injuries unless competent proof is offered supporting the view that permanent injuries have been sustained. The cases are not controlling in the case at bar, because, as we have previously pointed out, we are not here confronted with an absence of such proof.

The rule regulating the certainty of proof required to recover for permanent injuries is stated in 15 Am. Jur. p. 486, in the following language:

"To warrant a recovery for a per-

manent injury, the future effect of the injury must be shown with reasonable certainty. It is not necessary that the evidence show conclusively or without a shadow of doubt that the injuries are permanent. But while absolute certainty should not be required, a mere conjecture, or even a probability, does not warrant the giving of damages for future disability which may never exist."

While the proof in this case falls short of absolute certainty, we are of the opinion that it is sufficient to satisfy the requirements of the foregoing rule, and so hold. The two answers of the medical expert previously quoted, together with the circumstances therein delineated that the disability had actually existed beyond the time when temporary disability from such a cause would cease, are sufficient though the proof is not abundant nor well beyond the standard deemed adequate in law. Consider on this point St. Louis-San Francisco Ry. Co. et al. v. Simmons, 119 Okla. 1, 245 P. 894.

Defendant's next complaint under its third proposition is alleged error of the court in authorizing recovery for future pain and suffering. The complaint is not well taken. Upon this point the plaintiff testified in part:

"A. Well, it bothers all the time, yes, sir: that is, a dull ache, just like a toothache or something like that and oftentimes when I work and try to shovel or anything like that, that work, well, it hurts me pretty severely but I have to work anyway and it bothers me at night, when I always slept on my right side and wakes me up at night out of a sleep and I turn over on my right side and it gets to hurting and wakes me up and it hurts when I put my arm around behind me or any of the rest of my arm, why, it hurts more severely than other times."

This testimony, together with the medical testimony tending to establish the permanency of the injury, brings this case within the holding announced by this court in St. Louis-San Francisco Ry. Co. et al. v. Simmons, supra, wherein we said in disposing of a similar contention:

"In the instant case, however, the plaintiff was a competent witness to testify as to the pain and suffering she had endured for the 14 months intervening between the injury and the trial, and that she was then suffering pain. She so testified. The railway company's surgeon, who had examined her at the time of the accident, having testified, in response to a hypothetical question which fairly stated the evidence, that the injury was probably permanent, the fair, logical and only inference to be drawn from the evidence is that pain and suffering would continue in the future. We think on this evidence the court properly submitted to the jury the question of future pain and suffering."

Upon consideration of the foregoing cause, defendant's contention on the point is denied.

It is next urged that the court erred in allowing recovery for "loss of earnings." This is a misapprehension of the trial court's instructions. The court permitted the jury to consider loss of "earning power," not loss of earnings. The difference is obvious. Since it is not contended that error was committed in instructing the jury that loss of "earning power" could be considered, further discussion is unwarranted.

Defendant next urges that the court erred in its instructions, in that by instruction No. 6, it imposed a greater duty upon the drivers of vehicles than is imposed by law, either common or statute. The instruction complained of related to the duty of the driver of the truck in which the plaintiff was riding. The court advised the jury in substance that it was his duty:

"* * * to know and observe the conditions of the highway on which he was driving and the traffic thereon and to take into consideration all the circumstances and conditions which were known to him or which he, in the exercise of ordinary care, should have observed."

But the court also advised the jury that he owed no particular duty to the driver of the car behind.

In complaining of this instruction, defendant states:

"Common law, common knowledge and experience requires that every driver of a vehicle shall exercise reasonable and ordinary care in the driving of a vehicle, and decisions or dictum to the contrary, if any; reasonable and ordinary care on the part of the driver on any paved highway demands that such driver, appreciating the use of the road by others who may be behind him or ahead of him, *should not make a left turn onto the left side or cross pavement without looking. And this is true whether he has heard a signal or not.*" (Emphasis ours.)

Defendant's view of the law, as stated, does not correspond to views adopted by this court. Of controlling importance on this point is Smith v. Clark, 125 Okla. 18, 256 P. 36, wherein we said in paragraph 4 of the syllabus:

"Where two automobiles were traveling in the same direction along a public highway, and the rear car attempted to pass the first one just as it was turning. to the left out of the highway and was injured, the driver of the front car was not guilty of negligence in turning to the left without signaling, if he did not know of the approach of the rear car."

See, also, Belford et al. v. Allen, 183 Okla. 256, 80 P. 2d 671.

While limitations upon the rule announced in Smith v. Clark, supra, have been recognized (Shell Petroleum Corporation et al. v. Perrin, 179 Okla. 142, 64 P. 2d 309; Indian Territory Illuminating Oil Co. et al. v. Johnson, 177 Okla. 288, 58 P. 2d 888; Y. & Y. Operating Co. et al. v. Pugh, 179 Okla. 198, 65 P. 2d 186; Banta v. Hestand, 181 Okla. 551, 75 P. 2d 415; Sears, Roebuck & Co. v. Robinson, 183 Okla. 253, 80 P. 2d 938), the defendant does not urge that the case at bar falls outside the rule as limited.

While the instruction complained of is in some respects not a model one, we find no reversible error therein.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and GIBSON, JJ., concur.