DANNER et al. v. CHANDLER.

No. 34249.    July 17, 1951.

*233 P. 2d 953.*

Draper Grigsby, Oklahoma City, for plaintiffs in error.

Champion, Champion & Wallace, Ardmore, for defendant in error.

JOHNSON, J. The parties herein occupied reverse relative positions in the trial court and we shall hereafter refer to them as they there appeared.

The plaintiff seeks damages for personal injuries. She alleged that on April 14, 1947, at about 5 p.m., she was riding in a truck owned and operated by her husband; that they were going south on U. S. Highway 77, in Murray county, Oklahoma; that the truck was struck from the rear by a truck owned by Noble Danner, d/b/a Danner's Trucking Company, and being driven by the agent of said trucking company, John Burns, codefendant; that said collision caused the truck in which plaintiff was riding to leave the road, roll over and be crushed.

That as a result of said collision, she sustained deep and disfiguring cuts on her forehead and knees, a back injury, severe bruises and extreme shock, all of which was proximately caused by the negligence of the defendant's agent, John Burns, in that he did not have control of said truck and was traveling at an excessive rate of speed, to wit: approximately 55 miles per hour; that said driver was not keeping

a proper lookout ahead and could not and did not stop within the assured clear distance ahead; that by reason thereof she has been damaged $5,000, for which she prays.

The Highway Insurance Underwriters, a corporation of Austin, Texas, the surety on a bond of indemnity to indemnify any and all persons for damages arising out of the negligent operation of the vehicles of said defendant trucking company, was made a party defendant.

Plaintiff, for her second cause of action, alleges that, through the gross negligence and total disregard of plaintiff's rights and safety, she is entitled to exemplary or punitive damages in the sum of $2,500, for which she prays judgment.

Defendant trucking company answered denying generally the material allegations of plaintiff and alleged that plaintiff's injuries, if any, were caused by her contributory negligence and not the negligence of defendant's driver; that the damage, if any, was the result of an unavoidable casualty, misfortune or accident; that the injuries, if any, to plaintiff were the result of the carelessness and want of care of her husband, with whom she was riding in that without any warning signal he suddenly slowed down or stopped his truck; that by reason thereof the defendant's driver was unable to avoid the collision and defendants prayed that plaintiff take nothing.

Plaintiff replied, denying every material allegation.

Upon the issues thus joined a trial was had resulting in a verdict by the jury in favor of the plaintiff in the sum of $1,900 on her first cause of action, which was thereafter reduced to $1,400 when the court ordered and the parties agreed to a remittitur of $500.

Defendants' motion for a new trial was overruled resulting in this appeal.

Defendants present their assignments of error under three propositions, which are in substance that the court erred in refusing to give defendants' requested instruction No. 1 and in giving instructions Nos. 19, 20 and 21, over the objections and exceptions of defendants.

The essence of defendant's first proposition, as revealed by their argument and requested instruction, is that an instruction on contributory negligence should have been given to the jury, and to support this contention defendants principally rely on article 23, section 6 of the Constitution of Oklahoma, and Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732.

The defendants plead plaintiff's contributory negligence and if there is any evidence introduced on the issue or any existing circumstances from which such negligence may be inferred, the issue must be submitted to the jury. Safeway Cab Service Co. v. Minor, 180 Okla. 448, 70 P. 2d 76, and cases cited therein.

A brief resume of the evidence, pertinent to the question of negligence, is as follows:

Plaintiff testified that on October 14, 1947, she, in company with her husband, was returning from Oklahoma City to their home in Texas in her husband's truck and that her husband was driving; that when they arrived at the Washita river bridge, south of Davis, Oklahoma, on U. S. Highway 77, about 4:15 in the afternoon, the defendant's truck, driven by John Burns, which was following them, ran into the rear of her husband's truck just as it was going off the south approach of the bridge; that a highway patrol car was parked about 75 to 100 feet south of the bridge on the west side of the highway next to the guardrail and another truck was parked on the east side of the highway headed in a northerly direction about 15 feet south of the bridge; that when the defendant's truck struck the rear of the Chandler truck, plaintiff was thrown partially through the windshield and then fell to the floor of the car.

Ernest Chandler testified that on the date of the accident here involved he was driving his truck en route to his home in Texas, accompanied by his wife; that as he came to the Washita river bridge he saw two vehicles parked south of the bridge, a highway patrol car on the west facing south about 90 feet from the south end of the bridge and on the shoulder, and a truck on the east side of the highway on the shoulder facing north; that the bridge was narrow and he slowed his truck down as he approached it; that his truck was struck from the rear by the truck driven by Mr. Burns as he left the south end of the bridge; that his truck was knocked into the truck parked at the south end of the bridge; that the impact of the defendant's truck striking the rear of his truck caused his wife to be thrown against the windshield and then to the floor of the truck.

Roy Clinton testified he was, on the date of the accident, a highway patrol trooper and that he was parked in his patrol car on the west shoulder of U. S. Highway 77, about 90 to 100 feet south of the Washita river bridge; that he saw the small truck in which plaintiff was riding proceeding south immediately followed by the large cattle truck of defendants and that as the first truck came off the south end of the bridge it was struck by the large truck of defendants in the rear; that after the cattle truck hit the small truck it bounced off and proceeded down the highway into the highway patrol car; that the truck in which plaintiff was riding was traveling at an ordinary speed at the time it was struck by defendants' truck; that the Washita river was in flood stage; that he helped plaintiff out of the car in which she was riding and put her in the patrol car; that she was cut and bleeding about the face and appeared to be very frightened; that immediately after the accident, John Burns, driver of defendants' truck, stated to him that he ran into the back of the truck in which plaintiff was riding; that he did not see it because he was looking at the river.

E. P. Edwards testified that, on the date in question, he was driving a truck toward Davis; that at the time of the accident, he was parked at the south end of the Washita river bridge, on the east shoulder of the highway facing north, and about 20 feet from the south end of the bridge; that a highway patrol car was parked about 80 feet south of him on the west shoulder of the highway facing south; that he saw two trucks approaching the bridge from the north going south; that Mrs. Chandler's truck was in front; that he was parked waiting for the two trucks to pass, since the bridge was too narrow to permit trucks to pass upon it safely; that as the two trucks left the bridge, the first truck slowed down and the second ran into the rear of the first, knocking it into the witness' truck.

John Burns testified that he was employed by Noble Danner as a truck driver and that on afternoon of the accident he was driving the truck and trailer loaded with 20,000 pounds of cattle south on U. S. Highway 77; that the truck in which plaintiff was riding was in front of him as they approached the Washita river bridge south of Davis, and that as the Chandler truck was leaving the south approach to the bridge he suddenly slowed and that the defendants' truck was too close to stop and that he struck the rear of the Chandler truck, knocking the Chandler truck into a truck parked on the east shoulder of the highway and that the defendants' truck went across the highway and hit the highway patrol car. He denied telling the highway patrolman that he ran into the rear of the truck in which plaintiff was riding while he was looking at the river.

There was no evidence that plaintiff had any management or control over the driver or truck in which she was riding or the route taken, or that she attempted to so control the driver of the car, or that she interfered in any manner with the operation of the truck.

There is no evidence of contributory negligence of the plaintiff, and there-

fore, it was not error to refuse to instruct the jury on contributory negligence. Shefts Supply Co. v. Purkapile, 169 Okla. 157, 36 P. 2d 275; Safeway Cab Service Co. v. Minor, supra.

The case of Stillwater Milling Co. v. Templin, supra, cited and relied upon by defendants is distinguishable from the case at bar. There, evidence was introduced showing that the accident happened on a dark and rainy, misty night and the car the plaintiff was riding in was traveling at an excessive rate of speed, possibly 55 miles per hour; that the driver of the car had been drinking, which was known to plaintiff. The headlights on the car were dim and inadequate. The plaintiff, while riding in the rear seat of the car, was leaning forward and talking to the driver just before it crashed into the car ahead. These facts were sufficient to raise the issue of plaintiff's contributory negligence, necessitating instructions thereon. But in the instant case the weather was clear and it was broad daylight. The car was traveling in front of defendants' truck at a slow speed across a river bridge, with nothing to obstruct the view of defendants' driver. The driver of the car plaintiff was riding in was not drinking, and the plaintiff was not, in any manner, bothering the driver.

Defendants' second proposition is that instructions Nos. 19 and 20 were improper and base this contention on the theory that the plaintiff and her husband were engaged in a joint enterprise so as to impute negligence to her.

A careful examination of the evidence fails to disclose a joint enterprise.

In St. Louis & S. F. Ry. Co. v. Bell, 58 Okla. 84, 159 P. 336, Syllabus No. 3, we said:

"Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management."

The evidence discloses that plaintiff's husband owned the truck; that he was driving it; that his wife was merely riding in it as a non-paying passenger. The mere marital relationship does not create a joint enterprise. Lakeview, Inc., v. Davidson, 166 Okla. 171, 26 P. 2d 760. There, in the opinion, we said:

"While in some cases a wife may sustain such relation to a husband that the negligence of the latter may be imputed to the former, the mere existence of the marital relation does not have that effect in all cases. As the Indiana court well said, Louisville, N. A. & C. R. Co. v. Creek, 130 Ind. 139, 29 N. E. 481, 482, 14 L.R.A. 733:

" 'In our opinion, there would be no more reason or justice in a rule that would, in cases of this character, inflict upon a wife the consequences of her husband's negligence, solely and alone because of that relationship, than to hold her accountable at the bar of eternal justice for his sins because she was his wife.' "

Defendants' third proposition is the alleged error in giving instruction No. 21, which instructed the jury on future pain and suffering and as to the permanency of the injuries.

It is contended by defendants that the court erred in instructing the jury on the permanency of the plaintiff's injury and future pain and suffering when neither issue was raised in the pleadings or proof.

We think plaintiff did plead permanent injury. She alleged:

" . . . that in said collision she received serious and permanent injuries . . . on her forehead and on both knees, severe strain and injuries to the back, severe bruises about the entire body and limbs and arms, extreme nervous shock, and that said plaintiff was disfigured by said cut and suffered and continues to suffer extreme pain about the head. . .

"That plaintiff because of said pain, nervous shock and disfigurement has been damaged in the sum of $5,000. . ."

The plaintiff testified that she has had almost continuous pain in her head and neck since the injury.

Dr. C. D. Moore testified as to plaintiff's injury, future pain and suffering and permanency thereof as follows:

"Q. Does such an injury cause pain, doctor? A. Yes, sir.

"Q. Is it a continuing pain? A. I believe it was a continuing pain in this case. . . .

"Q. Now, doctor, tell the jury whether or not, in your opinion, Mrs. Chandler will suffer pain in the future from these injuries. A. Yes, sir: I think so. However, she is improving and she has improved some since the last examination with reference to these symptoms and I think that she will continue to make some improvement, some further improvement. I think it is impossible to say how long or just how long a period of time it might be but she is improving and I think will continue."

We are of the opinion that this medical expert's testimony was sufficient to justify the submission of an instruction to the jury on the questions of future pain and suffering and the permanency thereof, and so hold. Peppers Gasoline Co. v. Weber, 186 Okla. 471, 98 P. 2d 1087.

In view of what we have said, we deem it unnecessary to consider other contentions of the defendants, but adhere to and apply the long established rule that where there is any competent evidence tending to sustain the verdict of the jury and the judgment of the court based thereon, and the instructions, as a whole, fairly presented the law governing the issues in the case, and no prejudicial error is otherwise shown, such verdict and judgment will be affirmed.

The judgment is affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and DAVISON, HALLEY, and O'NEAL, JJ., concur. GIBSON, J., dissents.

GIBSON, J. (dissenting). I think the case should be reversed for a new trial. The defendants' answer and the evidence supporting it tendered the issue of plaintiff's contributory negligence, which should have been submitted to the jury under proper instructions. Stillwater Milling Co. v. Templin, 182 Okla. 309, 77 P. 2d 732.