OKLAHOMA RY. CO. v. ALEXANDER.

No. 34762. Jan. 29, 1952.

*240 P. 2d 742.*

Richardson, Shartel & Cochran and F. M. Dudley, Oklahoma City, for plaintiff in error.

Melville Boddie, Oklahoma City, for defendant in error.

CORN, J. Plaintiff sued to recover damages for personal injuries alleged to have been received while a passenger on defendant's bus. The petition alleged she boarded the bus as a paying passenger, and was transported to a regular bus stop near her destination in down town Oklahoma City; as she started to leave the bus by the rear exit the operator carelessly and negligently closed the door upon her right arm and started the vehicle forward, before ascertaining whether plaintiff had alighted safely from the bus, and without allowing her sufficient time to dismount and reach a place of safety. As a result of the driver's negligence plaintiff's right arm was caught in the door, causing the injuries complained of; that as a direct and proximate result of such negligence she sustained severe and permanent injuries to the structure and muscles of the upper region of her back, right shoulder, arm, elbow and hand, such injuries being extremely painful and of a permanent character. Further, that plaintiff had been gainfully employed as a seamstress ($50 per week) and her injuries caused loss of four weeks time and necessitated her incurring approximately $150 medical expense. Plaintiff sought judgment for damages for her injuries, loss of time, medical expense and pain and suffering.

Defendant answered by general denial, coupled with the plea of contributory negligence, and that her injuries, if any, were the result of unavoidable accident. Plaintiff replied thereto by general denial and upon the issues formed the case was tried to a jury.

Defendant's demurrer to plaintiff's evidence, and motion for directed verdict at the close of the evidence, were overruled. The case was submitted to the jury under instructions from the trial court and a verdict was returned in plaintiff's favor, upon which the trial court rendered judgment for plaintiff for $2,000.

Two contentions are advanced by defendant in seeking reversal of the judgment. It is urged first that the evidence was insufficient to prove that plaintiff's injuries were of a permanent character, and the trial court erred in overruling defendant's demurrer to plaintiff's evidence and submitting this question to the jury.

The evidence discloses that shortly after plaintiff's injury she consulted a doctor who X-rayed her hand and recommended heat treatments; plaintiff worked a few days although suffering pain and discomfort and then stayed away from work about a week and continued the prescribed treatment. Thereafter, she returned to work, but still suffered from pain and limitation of use of her hand. About a month after the accident she consulted another doctor who X-rayed her and advised continuation of the heat treatments.

This doctor first examined plaintiff more than a month after the accident. His examination disclosed some swelling over the hand, pain over the back of her wrist upon forced flexion; tenderness to pressure on the outside of the right elbow; tenderness over the back of the shoulder with pain upon elevation of the arm above the head; slight restriction of motion in the neck because of pain produced over the three dorsal vertebrae, although there was no evidence of fracture. Nearly a year after the accident the doctor again examined plaintiff and found plaintiff still suffered pain in acute stages of motion in the neck in a small area; this was neither as pronounced nor as large an area as upon first examination; still suffered tenderness on top part of her shoulder and the base of the neck. The doctor testified that the pain suffered by plaintiff would continue. On cross-examination the doctor stated that pain was a subjective matter and he had no method of proving it actually was present.

Defendant argues that, although the doctor stated he thought plaintiff's pain would continue, this was not an affirmative showing with reasonable certainty that plaintiff had sustained a permanent injury, but only evidence tending to establish that plaintiff had not recovered fully from the injury, which would continue after the trial, but without establishing how long after the trial such injury would continue. To support this argument defendant relies upon Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 P. 230; Hines, Director Gen. of R. R., v. Dean, 96 Okla. 107, 220 P. 860; and Forrest E. Gilmore Co. v. Hurry, 165 Okla. 29, 24 P. 2d 653.

The argument advanced upon the basis of the principles announced in the above-cited cases is without merit, in view of our recent holding in Danner v. Chandler, 204 Okla. 693, 233 P. 2d 953. In that case the plaintiff testified to suffering continuous pain in her head and neck. The doctor testified that an injury such as plaintiff's would result in continuous suffering; that although she had improved at the time of the trial, and probably would continue to make some improvement, that this situation would, in his opinion, continue. In that case we held that such expert testimony was sufficient to justify instructing the jury on future pain and suffering and the permanency of such condition. The testimony in the instant case is very similar to that in the cited case, and is sufficient to support the jury's verdict in this respect.

Defendant's second contention is that the jury's verdict is excessive and not sustained by the evidence, and is unreasonable and unjust upon its face. Most recently, in Oklahoma Ry. Co. v. Wilson, 204 Okla. 90, 227 P. 2d 392, we stated in paragraph 2 of the syllabus:

"The amount of damages for personal injury cannot be calculated with mathematical certainty, and the finding of a jury under proper instructions will not be disturbed except where the amount found is so excessive as to indicate that bias, prejudice or passion must have actuated the jury in such findings."

As a result of her injury plaintiff was obligated for about $150 medical services. The evidence concerning the nature, extent and permanency of her injuries has been noted. There is no showing that the verdict resulted from bias or prejudice. Examination of the record does not disclose anything tending to establish that this verdict is so unreasonable as to manifestly show it resulted from bias or prejudice. No reason appears for setting the same aside.

Judgment affirmed.

Plaintiff has asked judgment upon supersedeas bond executed herein and judgment accordingly is rendered thereon.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.