HEIDNER, Administrator, Respondent, v. GERMSCHIED,. Appellant.

## (171 N. W. 208).

(File No. 4439.   Opinion filed March 12, 1919.)

1. **Trial—Complaint, Unspecified Objection to Evidence Under,. Futility Of.**

    Objection on trial to sufficiency of complaint as not stating a cause of action, but which failed to specify any feature wherein: the allegations were insufficient, was rightly overruled.

2. **Evidence—Negligence By Auto Driver, Suit for Injury—Rate of' Speed, Evidence, Qualified Witnesses, Competency.**

    In a suit to recover for killing of plaintiff's child by defendant auto driver, testimony of witnesses who showed themselves. familiar with handling of. cars, who had examined the roadbed in question, and seen the marks made by the sliding car, were competent to give opinions as to rate the car must have been running.

3. **Trial—Correct Instructions Re Negligence, Contributory Negligence, Last Clear Chance, Evidence as Demanding.**

    In a suit for damages for killing of plaintiff's child by an auto driver, exceptions to correct instructions touching negligence, contributory negligence, and last clear chance, on ground: that undisputed facts were such as to warrant the instructions,. are untenable, where the instructions were demanded by evidence received.

4. **Negligence—Conflicting Evidence, Re Evidentiary Facts Undisputed—Contributory Negligence—Different Minds, Different Conclusions—Question for Jury.**

    Where, in a suit for damages for negligent killing of plaintiff's child, the somewhat conflicting evidence was such that different minds might reasonably reach different conclusions as to an ultimate fact, even though evidentiary facts are undisputed, held, determination of the ultimate fact is for the jury.

5. **Negligence—Killing of Child by Auto Driver—Evidence, Sufficiency.**

    Where, in a suit to recover for killing of plaintiff's child by defendant auto driver, the evidence, construed most favorably to plaintiff, discloses that defendant had reason to believe the children of a country school were enjoying a recess period; that he drove his automobile along the road approaching the schoolgrounds, and when nearing same saw the child and another run toward the road; that this child ran into the middle of road where she was struck by the auto; that he first saw the child before she reached the road and when he was 80, possibly more than 200 feet away; that when at least 8 feet from the child he applied brakes; that the car carried her over 90 feet;.

that a few feet beyond where the car left the child, it, owing to application of brakes, commenced to and did slide some 120 feet before stopping; **held,** that the facts proved to a certainty that defendant was driving with most wanton recklessness, considering fact that he was passing a school he had passed but a few moments before when the children were out playing and had run around his car.

6.   **Same—Defendant's Testimony Re Moderate Speed, Jury's Belief In Contributory Negligence, Effect Re Negligence**

If, however, jury believed defendant's testimony that he was running at not exceeding 22 miles an hour, then, even though they had found the child guilty of contributory negligence, they could well have found that defendant going at that rate of speed could, after he saw and should have realized peril of child, easily have turned to side of roadway—some 30 feet wide—and avoided striking child.

Appeal from Circuit Court, Davison County. Hon. Frank B. Smith, Judge.

Action by Theodore Heidner, as Administrator of the Estate of Edwinia Heidner, against Philip Germschied, to recover damages for killing of plaintiff's child by defendant automobile driver. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*T. J. Spangler,* for Appellant.

*W. W. Reams,* and *H. G. Giddings,* for Respondent.

(4) To point four of the opinion, Appellant cited:

Zoltovski v. Gezalla, 124, N. W. 527.

WHITING, J.   Action to recover damages resulting from the killing of a child by an automobile driven by defendant. Verdict and judgment for plaintiff. From such judgment, and an order denying a new trial, this appeal was taken.

[1] Appellant objected to the introduction of any evidence upon the ground that the complaint was insufficient to state a cause of action; but he failed to call the attention of the court to any feature wherein the allegations thereof were insufficient. His objection was rightly overruled.

[2] Respondent alleged negligence, in that the automobile was running at an unwarranted rate of speed. Appellant assigns error in the receipt of certain testimony regarding such rate of speed. There was evidence as to the kind of car, the condition of the roadbed, the place where the brakes were applied, the place where the child was struck, and the distance that the car had slid

along the ground before stopping. Two witnesses, who showed themselves familiar with the handling of cars, and who had examined this roadbed and seen the marks made by the sliding car, gave their opinions as to the rate at which the car must have been running. There was no error in the receipt of this evidence.

[3] Appellant assigns error in the giving of certain instructions touching negligence, contributory negligence, and last clear chance. He does not question, and certainly could not rightfully, the legal correctness of such instructions; but he complains that the undisputed facts were such as not to warrant the instructions. We are of the opinion that the instructions were all demanded by the evidence that had been received, and that they fully and most fairly announced the law applicable to the facts.

[4] Appellant particularly complains because the court did not rule as a matter of law that the child was guilty of contributory negligence. He contends that the evidence bearing thereon was undisputed. The evidence was not without some conflict; but, even if it were not, the court did not err in leaving to the jury whether the facts proven disclosed contributory negligence. Where different minds might reasonably reach different conclusions as to an ultimate fact, even though the evidentiary facts are undisputed, the determination of the ultimate fact is clearly for the jury.

[5] Appellant also questions the sufficiency of the evidence to sustain the verdict. Construing the evidence, as we must, most favorably to respondent, it discloses that appellant had reason to believe that the children of a country school were enjoying a recess period; that he drove his automobile along the road approaching the school grounds, and when nearing such school grounds saw this child and another running out toward the road; that this child ran into the middle of the road, where she was struck by the automobile; that appellant first saw this child before she reached the road, and when he was 80, and possibly more than 200, feet up the road from where she was; that, when at least 80 feet from the child, he applied the brakes to his car; that the car struck the child and carried her over 90 feet; that a few feet beyond where the car left the child the car, owing to application of the brakes, commenced to slide, and slid some 170 feet before it stopped; that the ground was frozen, but dry on the

surface; that the car was traveling on a downgrade of not to exceed 1 per cent.  To our minds the facts so shown prove to a certainty that the appellant was driving with most wanton recklessness, considering the fact that he was passing a school which he had passed but a few moments before, at which time the children had been out to play and had run out around his car.

[6] If, however, the jury believed appellant's testimony to the effect that he was not running his car at a rate of speed to exceed 22 miles an hour, then, even though they had found the child guilty of contributory negligence, they could well have found that appellant, going at that rate of speed, could, after he saw and should have realized the peril of the child, easily have turned to the side of the roadway—some 30 feet in width—and avoided striking such child.

The judgment and order appealed from are affirmed.