HOPE MCKINNEY, APPELLEE, V. IVAN WINTERSTEEN, APPELLANT.

FILED MARCH 2, 1932. NO. 28081.

*Frederick J. Patz* and *George Boland,* for appellant.

*Donald Gallagher, contra.*

Heard before GOSS, C. J., EBERLY and PAINE, JJ., and BEGLEY and ELDRED, District Judges.

BEGLEY, District Judge.

Action brought by Hope McKinney, a minor, by her father and next friend, against Ivan Wintersteen, for damages alleged to have been sustained because of the negligent operation of an automobile owned by the defendant, appellant, and driven by his agent, Allen Wintersteen. At the close of the evidence the defendant moved for a directed verdict, which was overruled, and the jury

returned a verdict for the plaintiff for the sum of $2,000. From a judgment entered thereon, the defendant has appealed.

The negligence charged against defendant's agent and alleged to be the proximate cause of the injuries are: (1) In exceeding the speed limit of ten miles an hour at the time he struck plaintiff, and that his car was going at the unreasonable and improper speed of about thirty miles an hour; (2) defendant's agent failed to keep his car under proper control; (3) defendant's agent failed to keep a proper lookout for pedestrians in said alley; (4) defendant's agent failed to sound any horn or give any signal of his approach; (5) defendant's agent failed to stop or turn his automobile so as to avoid striking plaintiff.

The defendant's answer alleged in substance that defendant's automobile was being driven westerly in said alley in a careful, prudent and lawful manner, approximately eight to ten miles an hour, and that plaintiff ran into the alley from the south and ran into the defendant's car, which had been swerved to the north and stopped, and that there were buildings and other obstructions bordering the alley which prevented the defendant from seeing the plaintiff.

The evidence shows that on September 19, 1930, at about noon, the plaintiff, a minor child of six years, was crossing from south to north a paved public alley that runs east and west between Twenty-first and Twenty-third streets in the city of Lincoln, Nebraska, when an automobile, owned by defendant and driven for defendant's benefit by his agent, Allen Wintersteen, over and upon said alley in a westerly direction, ran into and struck the plaintiff and injured her.

It is admitted by the record that the maximum speed limit in any alley in the city of Lincoln is ten miles an hour, as fixed by city ordinance. Allen Wintersteen, the only eyewitness to the accident besides the plaintiff, testified that he had just taken his car from a nearby garage

where he had the brakes adjusted and that same were in a good state of repair; that he drove into the alley and did not sound his horn; that he was traveling about ten miles an hour; that he did not see the plaintiff until she was three feet in the alley; that she was running north and a little east, and when she was about nine feet in front of his car, he slammed on his brakes and the left front headlight of defendant's car struck the plaintiff; that he had driven through the alley on other occasions; that the day was clear and the street was dry; that after the accident he saw skid marks behind the car between six and eight feet in length. Two witnesses for the plaintiff testified that the skid marks were eighteen feet in length on the pavement and two police officers testified, said marks were twelve feet in length. An expert witness testified that he had made experiments in the alley with a car of similar weight and good brakes, and that the car driven at the rate of speed of ten miles an hour would not make skid marks in that alley over two feet in length when the brakes were applied; that when the car was driven at twenty miles an hour the skid marks were not over six feet, and when driven at thirty miles an hour the skid marks were not over ten feet; and that in his opinion, at the time of the accident, defendant's car was being driven over thirty miles an hour.

The evidence of skid marks on the roadway made by an automobile makes the question of speed and control of said automobile one for the jury, and a qualified expert may give his opinion as to the speed of the automobile, based on the length of the skid marks made by it. *Carson v. Turrish,* 140 Minn. 445; *Heidner v. Germschied,* 41 S. Dak. 430; *Luethe v. Schmidt-Gaertner Co.,* 170 Wis. 590.

Appellant contends that this case should be ruled by the decision in the case of *De Griselles v. Gans,* 116 Neb. 835. The facts in the two cases are very readily distinguished. In that case, the court found that defendant was not guilty of negligence; that he was driving twelve

or fifteen miles an hour and his car was stopped in from three to five feet; that he was not driving in violation of any ordinance, and that the plaintiff's acts were the proximate cause of the accident. In this case, the plaintiff's evidence is to the effect that defendant was driving in excess of thirty miles an hour, when the ordinance provided for ten miles; that he saw the plaintiff when nine feet from the car and could have stopped his car within two feet if driving at the rate of ten miles an hour. We think the question of defendant's negligence as to the rate of speed he was driving was for the jury.

Appellant complains that the court erred in the instruction submitting the question of contributory negligence and comparative negligence to the jury. On account of her tender years, plaintiff cannot be deemed in law, to be possessed of sufficient discretion to make her guilty of negligence for her failure to exercise due care for her safety. *Sacca v. Omaha & C. B. Street R. Co.*, 98 Neb. 73. The instruction was therefore not prejudicial to appellant. However, while the plaintiff is not chargeable with negligence, if her act, whether negligent or not, was the proximate cause of her injury, there can be no recovery. *De Griselles v. Gans, supra.*

From a careful reading of the evidence we conclude that the jury were justified in finding that the proximate cause of the injuries was the negligence of defendant's agent in driving his automobile through said alley at an unlawful rate of speed and without having the same under proper control.

Appellant complains that the verdict is excessive. The evidence shows that appellee received a fractured skull; her left collar bone was fractured; her forehead cut above the right eye; her finger was cut, and she sustained a pressure on the brain; that before the accident she was a bright girl, and that since the accident she has been dull and complains of headaches, which may continue; her eyesight may be decreased and there may be dizzi-

ness. This evidence is sufficient to sustain a verdict as to the amount.

The judgment is

AFFIRMED.