ANDREWS et al. v. MOERY.

No. 34614.    Dec. 26, 1951.

Rehearing Denied Jan. 15, 1952.

240 P. 2d 447.

Butler & Rinehart, Oklahoma City, for plaintiffs in error.

Richard E. Romang, Enid, for defendant in error.

JOHNSON, J. This is an action brought by Charles H. Moery against Frank Andrews, doing business as Enid Tile & Marble Company, and James Stevens Sidwell to recover damages to his automobile and personal injury damages because of an alleged collision between plaintiff's automobile and a truck driven by defendant Sidwell, an employee of defendant Andrews who was then owner of the truck.

It is alleged that the collision occurred at the south end of Main Street in the city of Hennessey, Oklahoma, and that the collision occurred because of negligence of defendant Sidwell, driver of the truck.

The plaintiff pleaded negligence of the defendant in that Sidwell was driving the truck at a reckless rate of speed; that he was driving so close behind the automobile of plaintiff and at such a rate of speed as made it impossible for him to bring the truck to a stop within the assured clear distance ahead and at a speed in excess of the speed limit provided by ordinance of the city of Hennessey.

The trial was to a jury resulting in a verdict for plaintiff for $3,550. Judgment was entered on the verdict.

Defendants appeal and rely for reversal on the following assignments: (1) Error in the admission of evidence; (2) error in the instructions given and in refusing to give defendants' requested instruction No. 1; (3) the court erred in overruling their demurrer to the evidence and in denying their motion for a directed verdict.

It is conceded that a collision occurred between the car driven by plaintiff and the truck driven by defendant Sidwell as pleaded in plaintiff's petition and that as a result of the collision plaintiff's car was damaged beyond repair and that plaintiff received a severe blow on his head and other bodily injuries; that as a result of his injuries plaintiff had been rendered unconscious for several days, and as a further result thereof he sustained a loss or lapse of memory from which he has not fully recovered and that at the time of the trial he did not recollect that a collision had ever occurred nor could he recollect what took place immediately before the collision or thereafter.

The collision occurred on April 29, 1949, at about 6 o'clock, p. m., at the south end of Main street in the city of Hennessey and near the city limits.

It is stipulated that defendant Andrews was the owner of the truck and that defendant Sidwell, the driver thereof, was his employee and engaged in the scope of his employment at the time the collision occurred. It was also stipulated that on the date of the collision there was in full force and effect in the city of Hennessey an ordinance numbered and reading as set forth and attached to plaintiff's petition and that the ordinance may be admitted without further proof as to its authenticity. The ordinance fixed the speed limit for trucks traveling on Main street at not to exceed 25 miles per hour.

The evidence shows that plaintiff was traveling south in his automobile immediately prior to the collision. He drove in that direction a short distance to a point where a street running east and west intersects Main street. The center of this street constitutes the south boundary line of the city limits of the city of Hennessey. Defendant Sidwell was also driving the truck in the same direction following plaintiff's

car. He was about a block from plaintiff's car when he reached the intersection. At that point plaintiff proceeded to make a U-turn. He gave no warning or signal of such intention and while in the act of making such turn, and while his car was heading east and about midway across the highway, his car was struck by the truck driven by defendant Sidwell. The impact forced plaintiff's car back for a distance of about 50 feet. The force of the impact spun the truck around causing it to face the opposite direction and it came to rest 15 feet beyond the point of impact.

The impact occurred within the city limits of the city of Hennessey. The main issue of fact here involved is as to the rate of speed at which the truck was traveling at the time of the collision. Mr. Mitchell who lives near the scene of the accident testified that he had just returned home from work and as he stepped on the porch he heard tires squealing. He turned around and saw plaintiff's car in the air. The truck was loaded with sacks of cement and as the result of the impact two or three sacks were thrown from the truck into the middle of the street. He observed the position of both cars after the wreck and fixed their positions as above stated. He observed skid marks presumably made by the truck and testified that in his opinion they were 100 feet or more in length. He did not measure the length of the marks.

Earl Wood, night policeman of Hennessey, and Mr. Phillips, a highway patrolman, appeared upon the scene after the collision and made an investigation as to the accident. Mr. Wood arrived within a few minutes after the accident occurred, and Mr. Phillips arrived sometime thereafter, but before the wrecked cars had been removed from the street. They both testified as to the width of the pavement at the point of the impact; that the pavement was smooth and dry. They noticed the condition and position of both cars after the accident occurred. They found dirt, glass and other debris on the street where the impact occurred. Plaintiff's car was located about 50 feet beyond the point of impact. They saw skid marks which in their opinion were made by the truck leading from a point where the brakes were apparently applied up to the point of impact. They measured the skid marks and found them to be 120 feet in length. Each of these witnesses testified that from experience gained by him as an officer he was able to give a fairly accurate opinion as to the rate of speed the truck was traveling at the time of the collision based on the length of the skid marks and other physical facts found by him to exist. Each stated that in his opinion the truck at that time was traveling at a speed of about 45 to 50 miles per hour.

The above evidence was admitted over and against objection of defendants urged on the ground that it called for a conclusion of the witnesses and invaded the province of the jury. The qualification of the witnesses to testify is not challenged by the objection.

Defendants rely mainly for reversal upon admission of this evidence. As to whether an expert may express an opinion as to the rate of speed at which an automobile was traveling at the time of collision based on the length of skid marks, the authorities are not uniform. The weight of authority, however, is to the effect that he may do so.

In Linde et al. v. Emmick, 61 P. 2d 338, the Court of Appeals of California, speaking on this question, said:

"Two experts were permitted, over appellant's objections, to express their opinions that if a Cadillac of the type and weight of appellant's car, equipped with nonskid tires and occupied by two persons of average weight, skidded on dry, level concrete pavement for 150 feet after application of its brakes, its speed at such application was 65 or 70 miles per hour. . . . Whether it is proper for an expert to express an opinion of speed, based upon the length of skid marks, seems not to have been

decided in this state, although the propriety of such opinion was intimated in Coughman v. Harman, supra. In Berkovitz v. American River Gravel Co., 191 Cal. 195, 215 P. 675, it was held permissible for an expert to express an opinion as to the distance in which a car of designated make traveling at a specified speed could be stopped. This opinion would seem to be the converse of the present one. Although in Everart v. Fischer, 75 Ore. 316, 145 P. 33, 147 P. 189, and in Nelson v. Hedin, 184 Iowa 657, 169 N.W. 37, the opinion of an expert was held inadmissible, the weight of authority allows an expert to give his opinion as to speed based upon the length of skid marks. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; McKinney v. Wintersteen, 122 Neb. 679, 241 N.W. 112; Fannon v. Morton, 228 Ill. App. 415; Heidner v. Germschied, 41 S.D. 430, 171 N.W. 208; Stamper v. Scholtz (Tex. Civ. App.) 29 S.W. 2d 883; Luethe v. Schmidt-Gaertner Co., 170 Wis. 590, 176 N.W. 63".

In Vol. 32, C.J.S. Evidence, beginning at page 236, sec. 533, it is said:

"A person who is specially qualified by skill or experience may state an inference or judgment as to matters connected with the management and operation of motor vehicles if the jury cannot fairly be expected to draw accurate, or as accurate, conclusions for themselves. . . . Likewise a qualified witness may state an inference or judgment as to: Movements which were made by a motor vehicle, the speed at which a motor vehicle was traveling, as indicated, for example, by such matters, in connection with other circumstances, as skid marks or the sound of the motor."

The court committed no error in admitting this evidence.

It is further contended that the court erred in permitting the witnesses Woods and Phillips to testify that in their opinion the skid marks they saw were made by the truck. We think, however, under the predicate laid, as above detailed, there was no error in admitting this testimony. In Alaga Coach Line, Inc., v. McCarroll, 227 Ala.

686, 151 So. 834, 92 A.L.R. 470, the court held as stated in paragraph 1, headnotes, A.L.R.:

"A witness who had testified that on arriving at the scene of an automobile collision which had happened shortly before, but which he did not see, he observed tracks leading up to a wrecked truck, may properly be asked whether in his opinion the tracks observed by him on the right-hand side of the road were made by the truck."

See, also, Cahill v. Bradford (Ark.) 287 S.W. 595; Ann. 92 A.L.R. 476.

Furthermore, Mr. Phillips, the patrolman, testified that after the accident he and defendant Sidwell, driver of the truck, examined the skid marks, and he, Sidwell, admitted that the marks were made by the truck. It appears that after the patrolman had completed his investigation of the accident he was asked by counsel for plaintiff what he then did. He replied that he placed Mr. Sidwell, the driver of the truck, under arrest. Defendants objected to this evidence and moved the court to declare a mistrial. The court sustained the objection, struck the evidence and instructed the jury not to consider it, but overruled defendants' motion to declare a mistrial. We think the court ruled correctly in this respect. The action of the court in striking the evidence and instructing the jury not to consider it was sufficient to remove any prejudice which defendants might otherwise have suffered by the introduction of this evidence. Fleming et al. v. Pattillo, 196 Okla. 557, 167 P. 2d 40; Grooms et al. v. Johnson, 192 Okla. 527, 138 P. 2d 98.

Objections were made by defendants as to other evidence admitted. However, such objections are not mentioned or discussed by counsel in the brief. These objections therefore will be treated as having been abandoned.

It is further contended by defendants that the court erred in refusing to give the following requested instruction:

"You are instructed that if you believe from a preponderance of the evi-

dence that Plaintiff, Charles Moery, at the time of the accident turned his automobile which he was driving to the right and then turned to the left and drove the same immediately in front of the truck which the defendant, Sidwell, was driving without any warning or notice of his intention so to do, and if you further believe that such action on the part of said plaintiff, Charles Moery, was a failure to exercise ordinary care on his part under the circumstances then existing, then such failure, if any failure there was, would be negligence."

The substance of this instruction was given by the court in its instruction No. 10. There was, therefore, no error in refusing to give the requested instruction.

It is further contended by defendants that the court erred in giving the following instruction:

" . . . the term proximate cause of an injury or damage, as that expression is used in these instructions, means that cause which, in the natural and continuous sequence, produced the injury or damage, and without which the result would not have happened."

We, however, fail to see under the facts and circumstances in the present case, how the jury could have in any manner been misled by the giving of such instruction. The judgment will not be reversed because of the giving of this instruction. Buxton v. Hicks, 191 Okla. 573, 131 P. 2d 1015.

It is finally contended by defendants that the court erred in overruling their demurrer to the evidence and motion for directed verdict. Defendants offered evidence tending to show that Sidwell, driver of the truck, was driving in a careful and prudent manner at a moderate rate of speed not to exceed 25 miles per hour and at a speed not in excess of the speed limit provided by ordinance of the city of Hennessey; that plaintiff immediately before the collision started to make a U-turn without giving any notice or warning and that Sidwell had no notice or knowledge that he intended to make such turn until it was too late to stop the truck in order to avoid the collision. On the other hand, plaintiff offered evidence tending to show that Sidwell was driving the truck at a speed greatly in excess of 25 miles per hour and in excess of the speed limit provided by the above mentioned ordinance; that if Sidwell had been driving at a proper rate of speed as provided by ordinance plaintiff could have completed the U-turn in time to have avoided the collision, or that Sidwell could have stopped the truck in time to have prevented it. The evidence offered by plaintiff was sufficient to take the case to the jury.

The trial court committed no error in overruling defendants' demurrer to the evidence and motion for a directed verdict.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.