The **FIDELITY AND CASUALTY COMPANY OF NEW YORK, Plaintiff in Error,**

v.

Carolyn Sue **HENDRIX**, an infant 16 years of age, who sues by George Hendrix, her natural guardian and next friend, or Carolyn Sue Scrimsher, Defendants in Error.

No. 41541.

Supreme Court of Oklahoma.

April 23, 1968.

Sanders, McElroy & Whitten, Tulsa, and Andrew C. Wilcoxen, Muskogee, for plaintiff in error.

Norman & Wheeler, and Sanford W. Smith, Muskogee, for defendants in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the lower court, sitting with a jury, in an action brought by plaintiff, defendant in error herein, to recover damages for personal injuries alleged to have been received in an accident occurring to a school bus on which she was a passenger. The parties herein will be referred to as they appeared below, i. e., defendant in error will be referred to as plaintiff and plaintiff in error will be referred to as defendant.

As it is our opinion that this cause should be remanded for new trial on the ground that the trial court erred in admitting certain testimony, we shall summarize the pleadings and evidence only to the extent necessary for an understanding of the issue decided.

Plaintiff alleged below that on the morning of September 5, 1963, she was a passenger on a school bus operated by Porum School District I–88, Muskogee County, Oklahoma, and traveling on a slick and muddy rural road east and north of the Town of Porum; that the bus was being operated at 35 miles per hour, a speed too fast for the conditions of the road; that at such time and place, the driver lost control of the bus and the vehicle went off the road into a drainage ditch and small creek and came to rest with its wheels against an embankment; and, that from such accident, she received certain described injuries. Plaintiff further alleged that defendant was the "transportation insurer" for the specified school district, which was authorized under the provisions of 70 O.S. 1961, § 9–7 to "purchase insurance for the purpose of paying damages to persons sustaining injuries proximately caused by the operation of motor vehicles used in transporting school children."

Defendant, in its verified answer, generally denied plaintiff's allegations and specifically denied that the driver of the bus was negligent. Defendant also alleged that control of the bus was lost because of the condition of the road and that the accident was unavoidable.

Upon the conclusion of trial, the jury returned a verdict for plaintiff. From the judgment entered on this verdict and an order overruling its motion for new trial, defendant appeals.

In its first proposition for reversal, defendant contends that the trial court erred in admitting into evidence over its objection, the testimony of Patrolman Fewell of the Oklahoma Highway Patrol expressing his opinion as to the speed of the bus.

At trial, Patrolman Fewell testified that he arrived at the scene of the accident at approximately ten o'clock A.M., almost two hours after the accident occurred. He stated that from the physical facts and from his conversation with the bus driver, he estimated the speed of the bus to have been thirty-five miles per hour just prior to the driver's loss of control. As to the conversation with the driver, the patrolman admitted that he was not advised of the exact speed the bus was traveling, but that the driver did state that he had lost control of the bus in the mud and could not hold it on the roadway. The patrolman further testified that by the time he had reached the accident scene there had been other traffic on the road; that there were no skid marks, but just tire marks on the muddy road; and, that he could not determine the length of the tire marks of the bus or all of its path along the road because of marks left by other traffic and the condition of the roadway.

On cross-examination, the patrolman admitted that for speed to be determined from skid marks there must be a surface with a known coefficient of friction and on which there are measurable braking skid marks. The patrolman further admitted that these requirements to determine speed were not present herein.

It should be noted that defendant repeatedly entered its objections, which were overruled, to the above testimony on the grounds that the physical facts provided no basis for an opinion as to the speed of the bus and that the testimony was in part based upon hearsay. It should be further noted that at the conclusion of the patrolman's testimony, the trial judge apparently ruled that the opinion of the speed of the bus could not be based on any conversation with the bus driver, but that the patrolman could state what the driver told him.

■ In Andrews v. Moery, 205 Okl. 635, 240 P.2d 447, we held that opinion evidence of an expert as to the speed of a truck involved in an accident based upon the length of skid marks was admissible. To the same effect, see Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964. However, in the instant case, as seen from the above summary of the patrolman's testimony, there were no skid marks from which a speed could be estimated by any mathematical calculation. Further, the patrolman did not conduct his investigation until almost two hours after the accident and there had been other traffic on the muddy road which had at least partially obliterated the tire tracks of the bus. We have found no decision of this Court, and none has been cited by plaintiff, which has approved the admission into evidence of an expert opinion as to the speed of a vehicle based upon physical facts similar to those herein. In our opinion, the opinion evidence in the instant case is conjectural and is based on facts from which the jury could be expected to draw for themselves as accurate a conclusion as that of the patrolman as to the speed of the bus. See Andrews v. Moery, supra.

■ Further, the patrolman repeatedly testified, over objection, that his opinion as to the speed of the bus was partially based upon what defendant herein calls hearsay evidence, i. e., his conversation with the bus driver. We have previously held that an expert opinion based at least partly on hearsay is inadmissible. See Maben v. Lee, Okl., 260 P.2d 1064; Houston v. Pettigrew, Okl., 353 P.2d 489. It is true, as previously noted, that the trial court herein did exclude, at the conclusion of the patrolman's testimony, the alleged hearsay evidence as a ground for the opinion as to speed, but prior to this the court had overruled numerous objections to the testimony and allowed the jury to hear the opinion admittedly partially based upon the patrolman's conversation with the school bus driver. In addition, the court did not admonish the jury to disregard such alleged hearsay evidence in their consideration of the patrolman's testimony.

■ In Deatherage v. Phipps, Okl., 441 P.2d 1020, we held that for the admission of certain evidence to constitute reversible error, it must appear that the admission thereof resulted prejudicially to the interest of the party objecting to the admission of such evidence. In determining whether the admission of the evidence resulted in prejudice, the fact that such evidence relates to a principal point or a material issue in the case is considered important. Maben v. Lee, supra.

■ In the instant case, plaintiff based her negligence action on the ground that the driver of the bus was driving thirty-five miles per hour, a speed too fast for the condition of the road. It was to this issue of speed, apparently considered material by plaintiff, that the patrolman's opinion was directed. In our opinion, as the patrolman's testimony was based on *both* conjecture and alleged hearsay, as to which latter aspect plaintiff cites no authority, and was related to an issue apparently considered by plaintiff and the trial court as an important one in the case, its admission

was prejudicial to defendant and constituted reversible error.

Various other alleged errors have been presented as grounds for reversal of this judgment. In view of the conclusion reached herein, we deem it unnecessary to deal explicitly with such other alleged errors. However, the failure to determine all the issues presented by defendant should not be construed as indicating that the issues raised present no error. Perhaps in a new trial repetition of any such errors can be avoided.

The judgment of the trial court is reversed and the cause remanded with directions to the trial court to proceed in a manner not inconsistent with the views herein expressed.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.