A. M. DESKINS, Plaintiff in Error,

v.

Beulah WOODWARD and Roy Woodward, Defendants in Error.

No. 42585.

Supreme Court of Oklahoma.

March 30, 1971.

Red Ivy, McElroy & Vaughn, Chickasha, for plaintiff in error.

B. J. Cooper, Rinehart, Morrison & Cooper, Oklahoma City, for defendants in error.

HODGES, Justice.

Plaintiff Deskins and defendant Beulah Woodward were involved in an automobile accident. Both parties were traveling south on U. S. Highway 81, which is a four-lane highway at this particular location. Plaintiff filed suit for damages for personal injuries. Defendant Beulah Woodward filed cross-petition for personal injuries. Defendant Roy Woodward, husband of Beulah, filed a separate action against Deskins seeking damages for his automobile, medical expenses of wife and for loss of consortium. Both cases were consolidated for trial.

The jury denied relief to plaintiff on his cause of action and rendered separate verdicts in favor of defendants, Beulah Woodward and Roy Woodward on their cross-petitions. Plaintiff appeals both judgments and seeks reversal on four propositions.

Plaintiff's first proposition asserts error of trial court in giving the following instructions:

"You are further instructed that as to the cross-petition of Roy Woodward that if you find that plaintiff Deskins was guilty of any of the acts of negligence alleged in Roy Woodward's cross-petition, and that said negligence, *combined with the negligence of some other person,* to proximately cause the accident and resulting damage to cross-petitioner Roy Woodward, if any, then in that event your verdict shall be for cross-petition Roy Woodward against Deskins for the amount of his automobile damage and wrecker fee only." (Emphasis supplied)

Our attention is especially directed to the above emphasized portions which read, " * * * and that said negligence, combined with the negligence of some other person; * * *." Plaintiff argues that since there was no contention, pleadings or

evidence that any other person or joint tort feasor was responsible for the accident, then the instruction was erroneous.

■ If the "other person" referred to in the instruction was a third person whose negligence contributed with that of the plaintiff in causing the accident, then the failure to plead or join the "third person" is of no legal consequence. Each person is responsible for the entire results, even though their negligent act alone might not have caused it. All-American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424 (1946). If the "other person" refers to the defendant Beulah Woodward, which it obviously does, then the instruction was both proper and necessary. Contributory negligence of a wife is a good defense to her husband's action against a third person who was also negligent for loss of services and companionship of the wife, or for medical expenses. McKee v. Neilson, Okl., 444 P.2d 194 (1968). But where the action is for damages to his separate property then contributory negligence on part of the wife is no defense, in absence of evidence showing a relationship of master and servant, or that his wife was on a joint mission or engaged in pursuing a common enterprise. It is well settled in this jurisdiction that mere ownership of a car, involved in an accident or the mere showing of a marital relationship is not sufficient to impute negligence to owner. Gilbert v. Walker, Okl., 356 P.2d 346 (1960); Lakeview, Inc. v. Davidson, 166 Okl. 171, 26 P.2d 760 (1933). Also axiomatic is the settled rule that no presumption of agency arises from the fact the driver of the car does so with the owner's consent. Randolph v. Schuth, 185 Okl. 204, 90 P.2d 880 (1939).

■ Plaintiff next complains of error of trial court's refusal to declare a mistrial after defendant attempted to introduce into evidence newspaper classified ads seeking the name of a family who were witnesses to the accident and the witnesses' letter in response to the ad. The exhibits were offered in evidence after one of the witnesses had testified. Apparently the purpose for introducing the exhibits was to show the jury how the witnesses were found and located and that the witnesses were obtained in a proper manner. The trial court correctly sustained plaintiff's objection to these exhibits as no one had questioned their presence at the scene of the accident. However, we fail to see how the abortive attempt prejudiced the jury or otherwise unjustly aroused the sympathy or passion of the jury.

■ Plaintiff's third proposition asserts error of trial court in permitting a highway patrolman to testify that plaintiff was making an improper turn at the time of the collision. Plaintiff argues this testimony, which was demonstrated on a diagram drawn by the patrolman, expressed an opinion and called for a conclusion which invaded the province of the jury. We have examined the diagram and the testimony of the officer and find no testimony or conclusions expressed by the officer that state plaintiff made an "improper" turn. The diagram and testimony of the officer merely told the jury of the movement of the vehicles immediately prior to the accident. A qualified expert witness is allowed to give his opinion or testimony as to the movements of a vehicle prior to the accident when it is based on his training, experience and observations of physical facts at the scene of the accident. Andrews v. Moery, 205 Okl. 635, 240 P.2d 447 (1951). The patrolman testified "there were marks on the pavement indicating that the vehicle was making a left turn at the time of impact." The testimony was within the pronounced rule of Andrews v. Moery, supra.

■ Plaintiff in his final proposition complains of the excessiveness of jury's verdict. He argues the jury was highly inflamed by incompetent evidence and improper instructions of the court. These arguments have been refuted in the above propositions and form no basis for complaint. We also find no support for plaintiff's argument that because defendant's injuries were not permanent and her injuries

were only superficial with no great or excessive pain or suffering, the amount of the verdict for $10,000.00 was excessive. Defendant's medical testimony shows that as a result of the accident she suffered multiple bruises and contusions and that she had a painful rib separation in her chest. Admissible evidence was also available to the jury to show that defendant at the time of the trial, which was approximately two years after the accident, was still suffering from some pain especially after normal physical activity. Based on this showing, we are unable to say the verdict is excessive or was the result of bias, passion or prejudice.

Judgment affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON and LAVENDER, JJ., concur.

McINERNEY, J., concurs in results.