Lois Ann **PIERCE**, Appellant,

v.

**MERCY HEALTH CENTER, INC., and Carolyn Holaday, as the servant, agent and employee of Mercy Health Center, Inc., Appellees.**

**No. 76746.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 1, 1992.

Rehearing Denied Oct. 20, 1992.

Certiorari Denied March 5, 1993.

Grover Miskovsky, Grover Miskovsky & Associates, Oklahoma City, for appellant.

Ronald R. Hudson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellees.

## MEMORANDUM OPINION

ADAMS, Presiding Judge.

Lois Ann Pierce appeals a trial court order entering judgment for Appellees Mercy Health Center, Inc. (Mercy) and Carolyn Holaday in her negligence action. Among other arguments, Pierce contends the trial court erred in sustaining Appellees' Motion for Summary Judgment because there were disputed issues of material facts.

■ In reviewing a summary adjudication order, we examine the pleadings, depositions, affidavits and other evidentiary material submitted to the trial court by the parties and consider all facts and inferences in the light most favorable to the non-movant. Only where there is no substantial controversy as to any material facts is the movant entitled to summary judgment as a matter of law. *Hargrave v. Canadian Valley Elec. Coop., Inc.*, 792 P.2d 50 (Okla.1990).

Two days after Pierce was hospitalized at Mercy for gall bladder surgery, she became nauseous. Following doctor's orders, Holaday, a nurse employed by Mercy, gave Pierce an injection of Tigan, an intramuscular medication with a known side effect of drowsiness. After giving Pierce the medication, Holaday personally escorted Pierce into a shower and left her unattended. Pierce slipped and fell in the shower which was not draining properly, sustaining injury.

■ Appellees argue the wet shower floor was an open and obvious danger concerning which they had no duty to warn. They submit a business owner only has a duty to keep premises free of hidden dangers, traps, snares and pitfalls. *Beatty v.*

**824**

*Dixon,* 408 P.2d 339 (Okla.1965). However, hospitals have a duty to exercise ordinary care and attention for their patients, and that care and attention must be in proportion to the physical and mental ailments and condition of the particular patient. *St. John's Hosp. & School of Nursing v. Chapman,* 434 P.2d 160 (Okla.1967); *Flower Hosp. v. Hart,* 178 Okl. 447, 62 P.2d 1248 (1936). The mere fact that the shower floor may have been wet and slippery and therefore posed an obvious danger to an ordinary person to whom no duty was owed does not exonerate Appellees of their duty to exercise ordinary care to protect their patients from harm, according to the patients' particular physical or mental states while in their care.

In the trial court, Appellees argued expert testimony was required to establish a breach of this duty of care. The Oklahoma Supreme Court recently concluded otherwise in *Eversole v. Oklahoma Hospital Founders Association,* 818 P.2d 456 (Okla.1991). In *Eversole,* the hospital's employee knew that the plaintiff needed assistance in walking because of the medication he had taken. The nurse had given him the medication and knew that it had the side effect of causing dizziness. The Court stated:

> No degree of knowledge or skill is required other than that possessed by the average person to conclude that allowing a dizzy patient to depend upon the hospital's assistance to walk and then allowing him to fall does not ordinarily occur in the care of patients and that its occurrence is presumably a negligent act.

*Eversole,* 818 P.2d at 461.

 This record indicates Holaday administered Tigan, a drug which the nurse knew caused drowsiness, and then had Pierce take a shower without assistance. Pierce testified she had already been under medication for several days at the time of the accident. She also testified she was following Holaday's orders when she got in the shower with the latter's assistance and that she felt "groggy". According to Pierce's testimony, she slipped and fell when she reached for the shower knobs, hitting her head on a paper dispenser and her tailbone and back on a small step.

 On this record, reasonable people could conclude Holaday did not exercise appropriate care given Pierce's medicated condition. Summary adjudication is appropriate only when all issues of material fact are uncontroverted, and those facts, including all reasonable inferences therefrom, are consistent only with judgment for one party. *Flanders v. Crane Co.,* 693 P.2d 602 (Okla.1984). Applying that test to the evidentiary materials in this case, we must conclude summary adjudication was inappropriate.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

GARRETT and JONES, JJ., concur.