**J.D. HARRISON, Appellant,**

v.

**ST. JOSEPH'S REGIONAL MEDICAL CENTER OF NORTHERN OKLA- HOMA, INC., Appellee.**

**No. 83671.**

Court of Appeals of Oklahoma, Division No. 1.

April 18, 1995.

Rehearing Denied June 20, 1995.

Certiorari Denied Sept. 27, 1995.

Guy Clark, John L. Gardner, II, North-cutt, Clark, Gardner, Hron & Powell, Ponca City, John Baum, Baum & Shores, Oklahoma City, for Appellant.

W. Michael Hill, Dan W. Ernest, Bob D. James, Secrest, Hill & Folluo, Tulsa, for Appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant J.D. Harrison (Harrison) seeks review of the trial court's order denying his motion for new trial after judgment on jury verdict for Appellee St. Joseph's Regional Medical Center of Northern Oklahoma, Inc. (Hospital) in Harrison's negligence action. In this appeal, Harrison asserts the trial court erred in instructing the jury. We agree, and reverse.

While a patient at Hospital, Harrison slipped and fell returning to his hospital bed from the bathroom of his room where he had just taken a shower. Harrison alleged that unknown to him, a Hospital employee mopped the floor of Harrison's room while he was in the bathroom, leaving the floor wet. Hospital defended the action alleging contributory negligence by Harrison in taking a shower in violation of orders to the contrary

and negligence of Harrison's Wife and Nephew who had attempted to dry the floor. The jury returned a verdict apportioning 76% fault to Harrison and 24% to Hospital, and the trial court entered judgment accordingly. Harrison moved for new trial, which the trial court denied, and Harrison appeals to this court.[1]

In his three propositions of error, Harrison challenges the trial court's instructions to the jury. In this regard, Oklahoma law imposes a duty on the trial court to instruct upon the decisive issues of the case as supported by the pleadings and evidence introduced. *See, e.g., Bradley Chevrolet, Inc. v. Goodson,* 450 P.2d 500 (Okla.1976); *Vogel v. Rushing,* 202 Okla. 277, 212 P.2d 665 (1949). The tests on review of instructions given or refused are whether there is a probability that the jurors were misled and thereby reached a different conclusion than they would have reached but for the questioned instruction, or there was excluded from jury consideration a proper issue in the case. *Woodall v. Chandler Material Co.,* 716 P.2d 652, 654 (Okla.1986) (different conclusion); *VanWart v. Cook,* 557 P.2d 1161 (Okla.App. 1976) (different result or exclusion of proper issue).

Thus, a judgment will not be disturbed on appeal for allegedly erroneous instructions where the instructions given as a whole fairly present the law applicable to the issues raised by the pleadings and the evidence. *Kimery v. Public Svc. Co. of Okla.,* 622 P.2d 1066, 1072 (Okla.1980). However, in their totality, jury instructions must be consistent and harmonious, "and where two instructions are given containing inconsistent or conflicting propositions, tending to confuse the jury, the cause will be reversed for the reason that the court is unable to determine which instruction the jury followed and which they ignored. (Citation omitted.)" *City of Tulsa v. Pearson,* 277 P.2d 135, 137 (Okla. 1954) (where trial court gives conflicting instructions on sufficiency of notice, i.e., actual or constructive, to hold city liable, *held,* judgment reversed); *accord, City of Ardmore v.*

*Hendrix,* 348 P.2d 497 (Okla.1960) (where trial court gives conflicting instructions on appropriate duties of care, *held,* judgment reversed).

Substantively, Oklahoma law recognizes that the duty owed by a possessor of property to entrants thereon varies dependent on the status of the entrant. *Sutherland v. Saint Francis Hospital, Inc.,* 595 P.2d 780, 781 (Okla.1979). The duty of a hospital to its patients is different and much higher than the duty of a possessor of property to entrants thereon:

> [A] hospital, [as] possessor [of property, is] not legally bound to protect its invitee from all foreseeable risk of harm to be encountered upon the premises. Its duty as invitor extends no further than to use ordinary care to maintain the premises in a reasonably safe condition.
>
> . . . . .
>
> ... To [a patient, however] the degree of care the hospital owes is much higher. It is commensurate and consistent with their physical or mental ability.

*Sutherland,* 595 P.2d at 783–784. *See also, Eversole v. Oklahoma Hospital Founders,* 818 P.2d 456 (Okla.1991) (hospital must exercise ordinary care and attention for patient in proportion to patient's mental and physical condition); *Hillcrest Medical Center v. Wier,* 373 P.2d 45 (Okla.1962) (hospital has overriding duty to exercise ordinary care to protect patient based on patient's physical and mental condition); *Tulsa Hospital Association v. Juby,* 73 Okla. 243, 175 P. 519 (1918) (hospital must exercise ordinary care in furnishing patient a suitable and safe place); *Pierce v. Mercy Health Center, Inc.,* 847 P.2d 822 (Okla.App.1992) (hospital's duty of care to patient is not the same as the duty owed to an invitee).

In his first proposition, Harrison asserts the trial court misinstructed on the duty of a hospital to its patients, arguing that Hospital must "exercise ordinary care in furnishing [its patients] a suitable and safe

---

1. Appellant's petition in error also alleged error by defense counsel in closing argument to the jury. However, Appellant did not brief that point, and it is therefore deemed abandoned. *Hadnot v. Shaw,* 826 P.2d 978, 981 (Okla.1992).

place." *Tulsa Hospital Association,* 175 P. at 523. So, says Harrison, the trial court erred in failing to include this requested additional language in the instruction given. In this particular, the trial court instructed in accord with the Oklahoma Uniform Jury Instructions—Civil (2d Ed.1993) providing:

> A hospital must exercise ordinary care and attention for its patients. Ordinary care means that care and attention required under all the circumstances that is appropriate to the physical and mental condition of each patient. A hospital has a duty to supervise care rendered to a patient by hospital employees.

O.U.J.I.2d, Instruction No. 14.6 at 196.

We have reviewed the cited cases and the law supportive of the instruction given, and we find the language of the Uniform Instruction fairly sets forth the duty of a hospital to its patients. *See, e.g., Kimery,* 622 P.2d at 1072. We therefore conclude the trial court did not err in refusing to include the additional proffered language.

In his second proposition, Harrison complains the trial court's four separate instructions to the jury regarding an invitee fundamentally changed the appropriate standard which the jury should have considered in assessing liability. These instructions defined an invitee and the general duty owed thereto, informed the jury of the duty to warn an invitee of hidden dangers, and instructed the jury that no duty exists to warn an invitee of open and obvious dangers.[2]

In the present case, we have reviewed the record and find nothing therein establishing Harrison's status as anything other than Hospital's patient. That is, the only evidence in the record supports the single and uncontroverted conclusion of Harrison's status as Hospital's patient, and the parties so stipulated. As a matter of law then, Hospital owed Harrison a much higher duty than that owed to Hospital's invitees. Nevertheless, and notwithstanding the fact that Harrison's status as an invitee was never at issue, the trial court instructed the jury on both Hospital's duty to its patients and Hospital's duty to its invitees. Because the trial court thus interjected in the instructions a matter not at issue, because the instructions given conflict on the appropriate duty of care to be applied, and because we cannot determine which instruction the jury followed and which instruction the jury ignored, we hold the judgment so affected by these conflicting and erroneous instructions should be reversed. *City of Ardmore,* 348 P.2d at 501–502; *City of Tulsa,* 277 P.2d at 137.

In his final proposition, Harrison asserts error by the Trial Court in refusing to give his requested Instruction No. 2 in which Harrison sought to prohibit the imputation of any alleged negligence on the part of two non-parties—Harrison's Wife and Nephew—to Harrison. In this regard, although the trial court found insufficient evidence of the existence of an agency relationship between Wife/Nephew and Harrison, and refused Hospital's requested instruction thereon, no issue with regard thereto is raised in the

---

2. The trial court's instructions provided:

Instruction Number 13: INVITEE—DEFINED
An invitee is one who is on the premises at the express or implied invitation of the owner thereof for some purpose in which the owner has some interest of business or commercial significance, which business may be of mutual interest, or in connection with the owner's business.

Instruction Number 14: DUTY TO INVITEE TO MAINTAIN PREMISES—GENERALLY
It is the duty of the owner to use ordinary care to keep its premises in a reasonably safe condition for the use of its invitees. It is the duty of the owner either to remove or warn the invitee of any hidden danger on the premises that the owner either actually knows about, or that it should know about in the exercise of reasonable care, or that was created by it or any of its employees. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

Instruction Number 15: HIDDEN DANGER—DEFINITION
A hidden danger is a dangerous condition that the invitee licensee does not actually know about and would not be expected to observe in the exercise of ordinary care. A hidden danger may be totally or partially obscured from sight but it need not be if the circumstances are such that the invitee licensee would not be expected to observe the dangerous condition in the exercise of ordinary care.

Instruction Number 16: OPEN AND OBVIOUS DANGER
The owner has no duty to protect invitees from or warn them of any dangerous condition that is open and obvious, as such a danger is ordinarily readily observable by invitees.

present appeal. However, the record reflects the jury heard extensive testimony regarding the alleged negligence of Wife and Nephew.[3] Based thereon, Harrison requested the following instruction be given:

## NO IMPUTING OF NEGLIGENCE

Under the law, you may not impute (transfer or assign) to [Harrison] any negligence or other conduct which you may find to have occurred by other persons, firms or entities.

The underlying principle of comparative negligence upon which you have been instructed elsewhere in these instructions is founded on attaching liability in direct proportion to the respective fault of each person whose negligence caused the damage. This applies to persons, firms or entities who are parties and to persons firms or entities who are not parties to this action.

 The doctrine of imputed negligence, by which a plaintiff is barred from recovery against a defendant because the negligence of a third person—with whom the plaintiff stands in some relation—has contributed to plaintiff's harm, has been criticized as an extension of agency principles based on legal fiction, and is now limited in its application to certain well-defined exceptions. Restatement of Laws, Second, Torts 2nd § 485; *Deskins v. Woodward,* 483 P.2d 1134 (Okla.1971); *Danner v. Chandler,* 204 Okla. 693, 233 P.2d 953 (1951); *La Fayette v. Bass,* 122 Okla. 182, 252 P. 1101 (1927). Thus, in an action for damages to a plaintiff, the alleged negligence of a third party does not constitute a defense absent evidence of some other legal relationship between plaintiff and the third party, i.e., joint enterprise, master/servant or joint interests of a husband and wife, as to justify imputation of the third party's negligence to Plaintiff. Restatement of Torts 2d, § 485; *Deskins,* 483 P.2d at 1136; *Danner,* 233 P.2d at 956. In that regard, Oklahoma law requires the negligence of a party defendant to be combined with the percentage of negligence attributable to non- or third-party tortfeasors to

determine if the degree of fault charged to the plaintiff is greater than that of the combined negligence of the defendant and non- or third-party tortfeasors. *See, e.g., Bode v. Clark Equipment Co.,* 719 P.2d 824 (Okla. 1986). Accordingly, the injured plaintiff is not barred from recovery unless the plaintiff's negligence is of a greater degree than the combined negligence of any persons, firms or corporations causing the injury. 23 O.S.1991 § 13.

 In the present case, Hospital specifically pled as a defense the negligence of Wife and Nephew, non-parties to the lawsuit, cross-examining Wife and Nephew extensively thereon. However, the trial court refused to instruct on the effect of such negligence in derogation of its duty to instruct on the issues raised by the pleadings and the evidence. Compounding this error, the trial court instructed the jury in the submitted verdict form that the combined negligence of Harrison and Hospital must equal 100% of the negligence causing Harrison's injuries. Because the jury heard evidence supportive of Hospital's defense regarding the negligence of Wife/Nephew, and because the instructions as a whole gave the jury no direction for consideration of any such negligence, the absence of the requested instruction prevented the jury from properly allocating any negligence of Wife/Nephew. *Bode,* 719 P.2d at 827. *See also, Gaither v. City of Tulsa,* 664 P.2d 1026 (Okla.1983); *Paul v. N.L. Industries, Inc.,* 624 P.2d 68 (Okla.1980); *Laubach v. Morgan,* 588 P.2d 1071 (Okla.1978).

Under these circumstances, we therefore conclude the instructions as a whole do not fairly represent the issues raised by the pleadings and evidence, and improperly excluded from jury consideration a proper issue in the case. We consequently hold the trial court additionally erred in rejecting Harrison's proffered instruction.

 A motion for new trial invokes the sound discretion of the trial court, and the court's denial of the motion will not be re-

---

**3.** That is, that Wife and Nephew undertook efforts to dry the floor of Harrison's room; that neither warned Harrison of the wet floor, that

neither complained to hospital staff of the wet floor, and that Wife had undertaken to direct the course of Harrison's care.

versed unless it has abused that discretion or committed an error with respect to some pure, unmixed question of law. *Nu–Pro, Inc. v. G.L. Bartlett & Co.,* 575 P.2d 620, 622 (Okla.1977); *Lindsay v. Sikes,* 483 P.2d 1141, 1145 (Okla.1971). Inasmuch as we have found that the trial court committed legal error in instructing the jury, we hold the trial court likewise erred in denying Harrison's motion for new trial.

The order of the trial court denying Harrison's motion for new trial is therefore REVERSED and the cause REMANDED for new trial on proper instruction.

HANSEN, P.J., concurs.

CARL B. JONES, J., dissents.